Bauerle, Admr., Appellant, *v.* Breyer et al.

Argued April 20, 1938. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John G. Kaufman,* with him *Henry I. Fox,* for appellant.

*John C. Gilpin,* of *Gilfillan, Gilpin & Brehman,* with him *Theo. Lane Bean,* for appellees.

OPINION BY MR. JUSTICE DREW, May 9, 1938:

The court below entered judgment for defendant on an affidavit of defense raising questions of law, and plaintiff appealed.

The statement of claim alleges that on January 5, 1904, Louisa Breyer conveyed to her son, Henry W. Breyer, her interest in the Breyer Ice Cream Company, by a written agreement which provided, inter alia: ". . . the said Henry W. Breyer shall pay out of the profits of said equal fourth part or share of said business to my son Bernard August Breyer the sum of fifteen dollars per week during the term of his life, PROVIDED, however, that said weekly payment to my said son, Bernard August Breyer shall be charged against said equal fourth part or share and shall in no event be construed to be a personal charge against or obligation of my said son, Henry W. Breyer, his heirs, executors or administrators."

Subsequently, on June 18, 1909, Henry W. Breyer and his mother, Louisa Breyer, entered into a second written agreement relative to stock of the Breyer Ice Cream Company, which provided, inter alia: ". . . The party of the first part (Henry W. Breyer) upon request of the party of the second part (Louisa Breyer) and in consideration of his natural love and affection for her, further agreed to pay, only, however, during the lifetime of the party of the first part, to his brother, Bernard August Breyer, for his support and maintenance, the sum of fifteen dollars per week."

The said weekly sum of fifteen dollars was paid by Henry until the death of Bernard on June 14, 1932; Henry died on March 5, 1936, and plaintiff seeks to re-

cover the sum of fifteen dollars per week from the date of Bernard's death to the date of Henry's death, a period of one hundred and ninety-four weeks or $2,910 with interest thereon.

To this statement of claim, the defendant executors filed an affidavit of defense raising questions of law, which alleges as follows:

"1. Payments at $15 a week during the term of the life of Bernard August Breyer were to be for his support and maintenance and terminated at his death.

"2. The agreement of June 18, 1909 (plaintiff's Exhibit No. 2) providing that the payments of $15 a week to Bernard August Breyer were to be only during the lifetime of the said Henry W. Breyer, would have operated to end the $15 payments at the death of the said Henry W. Breyer if he had predeceased the said Bernard August Breyer, and does not operate to extend the $15 payments which were for the support of the said Bernard August Breyer, after the death of the said Bernard August Breyer."

It is obvious the intent of the mother was to provide a weekly sum for Bernard's support. The first agreement made the sum payable during Bernard's life. The second agreement, upon which plaintiff bases this action, specifies that said sum is for Bernard's support and maintenance, thus impliedly limiting it to his lifetime. The language employed clearly demonstrates that the basis and foundation of the contract was to provide maintenance and support for Bernard. The payments could not, obviously, serve this purpose after his death. The fact that by the terms of the agreement Henry's obligation was to cease upon his own death does not mean that it was to cease only upon that event. What the parties plainly meant was that Henry's liability should end upon his own or his brother's death, whichever should first occur. In the first agreement, payments to Bernard are expressly confined to "the term of his life." The only change in the subsequent agreement, subject

of the present action, is that the duty to pay is made Henry's personal liability. The duration of the obligation remains the same.

The court below was clearly right in holding "that the obligation to pay cannot be divorced from the purpose for which it is paid, and that the obligation to support ceased upon the death of the person to be supported."

Judgment affirmed.